**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**ABRAHAM SALOMON RODRIGUEZ**   **CIVIL ACTION NO.  2:24-CV-00535 SEC P**
**#42887-279**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**FELIPE MARTINEZ JR**              **MAGISTRATE JUDGE LEBLANC**

**<u>MEMORANDUM ORDER</u>**

Pro se Petitioner Abraham Salomon Rodriguez ("Rodriguez") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  At the time of filing, Rodriguez was imprisoned at the Federal Correctional Institution in Oakdale, Louisiana.  He challenged the computation of his sentence and sought a speedier release from custody.  According to the Bureau of Prisons ("BOP"), Rodriguez was released on March 12, 2025.[1]

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies."  *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

---

[1] https://www.bop.gov/inmateloc/

1

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.*  Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Rodriguez was released from BOP custody, his § 2241 claim is moot.  The Court can no longer grant the relief requested.  If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Therefore, **IT IS ORDERED, ADJUDGED,** and **DECREED** that the Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

THUS DONE AND SIGNED in Chambers this 29th day of April, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

2